**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**DENNIS D. BAILEY AND**             **CASE NO. 4:21CV1165-LPR**
**BAILEY'S SUPERSTORE, INC.**
              **PLAINTIFFS,**

**VS.**

**UNITED STATES OF AMERICA,**
              **DEFENDANT**

_____

**STIPULATED PROTECTIVE ORDER**

_____

      DENNIS D. BAILEY AND BAILEY'S SUPERSTORE, INC. (PLAINTIFFS) and the UNITED STATES OF AMERICA, (DEFENDANT), by and through their undersigned counsel, hereby stipulate, agree, and request that the Court enter a Protective Order ("Order") in this case restricting the use and dissemination of protective and/or private information.

      The parties agree that this Order is appropriate under the Court's inherent authority and its authority under Rule 26(c) of the Federal Rules of Civil Procedure.  This Order is necessary to expedite the flow of discovery, facilitate the prompt resolution of disputes over confidentiality, adequately protect individually identifiable personal information and ensure that protection is afforded to material that relates to confidential investigatory and law enforcement techniques.

      The parties agree that the materials described herein may contain protected information that may relate to personal information that is protected from disclosure by the Privacy Act of 1974, 5 U.S.C. §552(a) et seq. and the Supplemental Nutrition Assistance Program ("SNAP") and federal regulations promulgated thereunder.  *See* 7 U.S.C. §§ 2018(c), 2020 (e)(8) and 7 C.F.R. §§ 272.1(c), 278.1(q).  The parties further agree that the materials described herein may contain

information protected by the law enforcement privilege because disclosing this information would compromise the ability of the United States Department of Agriculture ("USDA") to discover illegal Electronic Benefits Transfer ("EBT") activity and allows retailers to avoid detection. Consequently, this Stipulated Protective Order is entered for the purpose of balancing the Congressionally legislated restraints on discovery relating to privacy protections against the need to facilitate discovery in this action.

IT IS HEREBY ORDERED that this Protective Order shall be entered as follows:

1. The parties may designate information produced or obtained in discovery as "Confidential Information," or "Attorney's Eyes Only" as follows:

   a. Confidential Information:  Any production of information produced by any party, or any third party (such as a State Agency) to this litigation, shall have the right to be designated as "Confidential Information" if any portion of that document, testimony, discovery response, or thing ("Material"): (a) contains trade secrets, competitively sensitive financial, sales or other confidential business information; (b) contains private or confidential personal information; (c) contains information received in confidence from third-parties; or (d) which the producing party otherwise believes in good faith should be entitled to protection under state or federal law.  Any party to this litigation or third party covered by this Protective Order who produces or discloses any Confidential Information (including without limitation any information, document, thing, interrogatory answer, admission, pleading or testimony) shall mark the Material with the following or similar legend: "CONFIDENTIAL" OR "CONFIDENTIAL-SUBJECT TO ORDER OF PROTECTION."

b. <u>Attorney's Eyes Only</u>: Any party to this litigation and any third-party may designate Materials as "Attorney's Eyes Only" and subject to this Order, if such Material contains highly sensitive business, personal, procedural or investigatory information, the disclosure of which is highly likely to cause significant harm to an individual, business, the Department's ability to enforce its regulations, or the Plaintiff's ability to conduct business.

"Attorney's Eyes Only" information shall be disclosed to the parties' respective Counsel of Record (which shall include Plaintiff's "Trial Counsel", if any, the Defendant's Assistant United States Attorney Trial Counsel, and the Defendant's Agency Counsel), but shall not be disclosed to any other person, entity or agency, including the parties hereto (excluding Court personnel and the attorneys' necessary administrative staffs), without prior written consent from the producing party, or leave of Court sought prior to such disclosure.

The parties shall take all reasonable precautions to protect Attorney's Eyes Only information from unintentional disclosure to persons, entities or agencies not identified herein.  Any party to this litigation or third-party covered by the protective order who produces or discloses any Attorney's Eyes Only Material (including without limitation any information, document, thing, interrogatory answer, admission, pleading, or testimony) shall mark that Material with the following or similar legend "ATTORNEY'S EYES ONLY" or "ATTORNEY'S EYES ONLY SUBJECT TO PROTECTIVE ORDER."

c. <u>Designation after Production:</u>  If material obtained through discovery did not originate from the party seeking to affix the "Confidential Information" or "Attorney's Eyes

Only" label, or was not produced in this action by that party, the "Confidential Information" or "Attorney's Eyes Only" designation will occur upon written notice of that designation provided to all counsel of record within thirty (30) days after receipt of the information or document containing the information to be protected.  Subject to the procedures set forth herein, and upon written notice, the document will be treated as "Confidential Information" or "Attorney's Eyes Only Information" within the meaning of this Protective Order.

2.  The parties agree to the pre-categorization of protected information for production as set out below.  These categorizations and the identification of potential production shall not be read to waive any objections to production the parties may otherwise have.  Pre-categorized information includes:

   a.  <u>SNAP Household Information:</u>  All information received from the State of Arkansas pertaining to SNAP households identified in the Charge Letter, including but not limited to the household's demographic information, household size, names of authorized users in the household, transaction history, and any other information which may be relevant will be treated as "Confidential Information."

   b.  <u>Food and Nutrition Services & ALERT Operational Information:</u>  With respect to information the United States may produce to Plaintiff's counsel related to SNAP or the Defendant's policies and procedures, including but not limited to policy memorandums, pertinent portions of the Standard Operating Procedures, and other program details, guidelines, thresholds, or information shall be deemed to be produced under cover of "Attorney's Eyes Only."  The Defendant shall, however, identify any

portions of such production which does not include "Attorney's Eyes Only" information.

c. <u>Comparison Store Information:</u>  Information for comparison stores, including sales data, inventory records, operational details and other identifying records, operational details and other identifying information shall be deemed "Confidential Information."

d. <u>Plaintiff's Business, Financial, and Tax Records:</u> The Plaintiff's sales data, inventory records, business operations, know-how, vendor and supplier lists, profit margins, financial tax records shall be deemed "Confidential Information."

3. <u>Depositions and Transcripts:</u>  Whenever a deposition involves the disclosure of Confidential Information or Attorney's Eyes Only Information, the deposition or portions thereof shall be designated as confidential by counsel and shall be subject to the provisions of the Protective Order.  This designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as containing Confidential Information or Attorney's Eyes Only Information after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

4. <u>Objections:</u> A party may object to the designation of Confidential Information or Attorney's Eyes Only Information by giving written notice to the party designating the disputed information as protected information.  The written notice shall specifically identify the information to which the objection is made.  If the parties cannot resolve the objection, it shall be the obligation of the party objecting to the designation as Confidential Information or Attorney's Eyes Only Information to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective

Order.  Such motion must be filed within thirty (30) days after submitting written objection to the protective designation.  If such a motion is timely filed, the disputed information shall be treated as designated under the terms of the Protective Order until the Court rules on the motion.  In connection with a motion filed under this provision, the party designating the information as Confidential Information shall bear the burden of establishing that good cause exists for the designated information to be treated as Confidential Information.

5. <u>Subsequent Use of Protected Information:</u>  Plaintiffs and their attorneys shall not disclose any Household Information that they may obtain in discovery or through other means to any person unless this disclosure is reasonably and in good faith calculated to aid in the claims or defenses of this court action.  Plaintiff and their attorneys shall ensure that any person (except court personnel) to whom disclosure may be made pursuant to this Order shall, prior to such disclosure, have read, understood, and acknowledged in writing an agreement to be bound by this Order.

6. The Administrative Record, any Household Information disclosed to Plaintiff, and Plaintiff's financial, accounting, and tax records, shall be used only to pursue or defend any claims in this court action. This Protective Order prohibits disclosure of the Administrative Record, Household Information, Plaintiff's financial, accounting, and tax records, and other "Confidential Information" and "Attorney's Eyes Only" information outside of this litigation.

7. Neither "Confidential Information" nor "Attorney's Eyes Only" may be filed with the court unless (1) the parties' agree on appropriate redactions prior to filing, or (2) the pleading is filed with an application to file under seal.

8. Not later than forty-five (45) days after final determination of this litigation, including any appeals, Plaintiff and their attorneys shall return all copies (excepting exhibits entered into

evidence and documents filed with the Court) of the Administrative Record and Household Information in Plaintiff's and Plaintiff's attorneys' possession to the United States (for the Administrative Record) and the State of Arkansas (for Household Information).

9.  <u>Non-waiver of Discovery Objections:</u>  Nothing in this Protective Order constitutes any decision by the Court concerning discovery disputes, or the admission into evidence of any specific document, or liability for payment of any costs of production or reproduction of documents, nor does this Protective Order constitute a waiver by any party of any right to object to discovery or admission into evidence of any document or record subject to this Order on other grounds.

10. A party or non-party subject to the protective order may only designate documents or other information in the action as confidential if the designating party or non-party has an articulable, good faith basis to believe that each document or other information designated as confidential qualifies for protection under Federal Rule of Civil Procedure 26(c).

11. <u>Modification of this Order:</u>  The Court may modify the terms and conditions of the Order for good cause, or in the interest of justice, or on its own order at any time in these proceedings.

12. Without a separate court order, the Protective Order does not change, amend, or circumvent any court rule or local rule.

Stipulated to and approved by:

Respectfully submitted,

JONATHAN D. ROSS
UNITED STATES ATTORNEY


Stacey E. McCord
Assistant United States Attorney
Arkansas Bar Number 87114
Attorney for the United States
P.O. Box 1229
Little Rock, AR 72203
Telephone: 501-340-2630
E-mail: Stacey.McCord@usdoj.gov


Danny Crabtree
Counsel for Plaintiff
Arkansas Bar Number 2004006
10201 W. Markham, Ste. 328
Little Rock, AR 72205
Telephone: 501-372-0080
danny@crabtreelawar.com


**IT IS SO ORDERED**


Signed this 12th day of July 2022.


LEE P. RUDOFSKY
UNITED STATES DISTRICT JUDGE

8